**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMES F. JOHNSON, | : | |
| Petitioner, | : | Civil No. 06-2233 (NLH) |
| v. | : | |
| WARDEN CHARLES SAMUELS, et al., | : | O P I N I O N |
| Respondents. | : | |

**APPEARANCES:**

James F. Johnson
#07561-016
FCI Fort Dix
P.O. Box 7000
Fort Dix, NJ 08640

**HILLMAN, District Judge**

Petitioner, James F. Johnson, has filed the instant petition for mandamus relief and an application to proceed *in forma pauperis* ("IFP"). For the following reasons, the Court will convert the action into a petition for a writ of habeas corpus, grant the application to proceed IFP, and order Respondents to respond to the petition.

**BACKGROUND**

Petitioner seeks mandamus relief pursuant to the All Writs Act, asserting that he has not been properly credited with good time credits. He asks that the error be corrected, and that his credits be properly applied to his early parole eligibility

release date. Petitioner has submitted the instant petition, an amended document, and a change of address to take effect in October of 2006.

## DISCUSSION

The petitioner asserts that this Court has mandamus jurisdiction under 28 U.S.C. § 1651.[1] Mandamus jurisdiction, however, is governed by 28 U.S.C. § 1361, which states: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." It is well-established that a writ of mandamus is an extraordinary remedy, to be granted only in extraordinary cases. See Heckler v. Ringer, 466 U.S. 602, 616 (1984); United States v. Olds, 426 F.2d 562, 565 (3d Cir. 1970). The Supreme Court has set forth conditions to be met before mandamus relief is granted. "Among these are that the party seeking issuance of the writ have no other adequate means to attain the relief he desires . . ., and that he satisfy 'the burden of showing that (his) right to

---

[1] Section 1651 states:

(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
(b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

28 U.S.C. § 1651.

2

issuance of the writ is clear and indisputable.'" United States v. Ferri, 686 F.2d 147, 152 (3d Cir. 1982)(quoting Kerr v. United States District Court, 426 U.S. 394, 403 (1976)). Even where this burden is met, the court has discretion to deny the writ, "even when technical grounds for mandamus are satisfied." Coombs v. Staff Attorneys, 168 F. Supp.2d 432, 434-35 (E.D. Pa. 2001)(citation omitted).

In the instant case, Petitioner may obtain the relief he seeks by way of a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.[2] Section 2241 constitutes the general habeas corpus statute under which federal prisoners may seek relief for claims of unlawful custody. A petition brought under § 2241 challenges the very fact or duration of physical imprisonment, and seeks a determination that the petitioner is entitled to immediate release or a speedier release from that imprisonment. See Preiser v. Rodriguez, 411 U.S. 475, 484-86, 500 (1973); see also Benson v. New Jersey State Parole Board, 947 F. Supp. 827, 829-31 (D.N.J. 1996)(noting § 2241 generally appropriate only for claims

---

[2] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ...

3

challenging continued execution of sentence for which immediate or speedier release is appropriate). Because Petitioner may obtain his relief through a § 2241 petition, mandamus jurisdiction is lacking. This Court will convert this action to a habeas petition, and order Respondents to answer the claims presented herein.

## CONCLUSION

For the foregoing reasons, Petitioner's request for a writ of mandamus will be dismissed; the case will be converted to a petition for a writ of habeas corpus. The Court will enter an appropriate Order.

_Noel L. Hillman_
NOEL L. HILLMAN
United States District Judge

Dated: August 15, 2006

At Camden, New Jersey

4