**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JAMES F. JOHNSON,  :  |  |
|          Petitioner,  : | Civil No. 06-2233 (NLH) |
|     v.  :  |  |
| WARDEN CHARLES SAMUELS, et al.,  : | **O P I N I O N** |
|          Respondents.  :  |  |

**APPEARANCES:**

James F. Johnson, Pro Se
#07561-016
Federal Correctional Institution
P.O. Box 7000
Fort Dix, NJ 08640

Dorothy J. Donnelly
Asst. U.S. Attorney
Office of the U.S. Attorney
402 East State Street
Room 430
Trenton, NJ 08608

**HILLMAN**, District Judge

On May 12, 2006, Petitioner, confined at the Federal Correctional Institution, Fort Dix, New Jersey, submitted for filing to the Clerk of this Court a Petition for a Writ of Mandamus, pursuant to 28 U.S.C. § 1651. On August 15, 2006, this Court issued an Opinion and Order recharacterizing the petition as a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241. On September 29, 2006, Respondents filed a Response to the Petition. On October 26, 2006 and November 3, 2006, Petitioner filed replies to the Response, labeled "Objections to Answer." On December 19, 2006, Petitioner filed a motion to

amend the petition, and on December 28, 2006, Respondents filed a brief in opposition to the motion.  The Court has reviewed all documents submitted and for the following reasons will deny the instant petition and motion.

## BACKGROUND

Petitioner is serving a sentence originally imposed by the District of Columbia.  He was eventually released on parole in October 2003.  Petitioner states that he was entitled to 78 days credit for "educational good time credits," after he successfully completed educational courses.  However, unbeknownst to him, he was never credited with the time upon his parole release in 2003.

After he was released on parole, Petitioner was returned to prison as a parole violator.  A new sentence was imposed, with a presumptive parole date set by the Parole Commission.

Petitioner argues that because he was not credited the 78 days towards his prior parole release date (although he admits that he was credited with the 78 days to his maximum release date), the 78 days credit should be applied to his current upcoming parole release date.  Thus, Petitioner argues that the 78 days educational credit should be applied to his present sentence for violation of parole.

Respondents admit that the 78 days educational credit should have been applied to his earlier sentence, served from 1997 to 2003, before he was granted release on parole.  However,

Respondents argue that the credits cannot be applied to his current sentence for violation of parole, since the 78 days were applied to his prior sentence's maximum release date.

## DISCUSSION

**A.   Jurisdiction and Standard of Review**

Because the petitioner is incarcerated in New Jersey, the District of New Jersey has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 2241.  See Coady v. Vaughn, 251 F.3d 480, 85 (3d Cir. 2001)("Section 2241 is the only statute the confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."); Noble v. United States Parole Comm'n, 887 F. Supp. 11, 12 (D.D.C. 1995)(§ 2241 proper to review portion of sentence imposed pursuant to D.C. Code); United States v. Smith, 101 F. Supp.2d 332, 338 (W.D. Pa. 2000)("The exclusive remedy for challenging the BOP's calculation of a federal sentence is a habeas corpus petition filed pursuant to 28 U.S.C. § 2241, directed to the district court in the United States District Court wherein the petitioner is incarcerated, and naming the warden of the federal facility as a respondent."); see also 28 U.S.C. § 2241(d), supra.

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).  That section states that the writ will not be extended to a prisoner unless "he is in custody in violation

of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**B.   The Petition Will Be Denied.**

Petitioner fails to demonstrate how the Bureau of Prisons' calculation of his sentence violates the Constitution or laws of the United States, and therefore, habeas relief must be denied.

Petitioner cites to the BOP's Program Statement 5884.02 for support for his argument.  That Program Statement notes that: "Once appropriately awarded, DCEGT [D.C. education good time] vests, and cannot be forfeited.  Staff may correct errors in awarding DCEGT at any time."  P.S. 5884.02, § 8(e).  However, this Program Statement does not support Petitioner's argument that the educational good time credit should be applied to his new sentence for violation of parole.

4

The Court finds support for its conclusion that the Petition should be denied from various cases which have held that any "previously earned institutional credit for good behavior may not be applied to the 'new sentence' imposed following parole revocation." Mason v. United States Parole Comm'n, 2006 WL 3377989 (D.D.C. Nov. 21, 2006)(slip copy); Jackson v. Harrison, 2006 WL 3313300 (D.D.C. Nov. 14, 2006)(slip copy)("Contrary to the petitioner's suggestion, good time credits do not carry over into a new sentence."); Abney v. DC Division of Correction, 2006 WL 335761 (D.D.C. Feb. 13, 2006)(unpubl.)("Any good time credit earned during a prior period of imprisonment cannot be applied toward service of the balance of a prisoner's sentence."); Teachey v. Carber, 736 A.2d 998, 1006 n.12 (D.C. 1999)(individual "found to have violated [] parole . . . has no valid claim for restoration of good time credits.").

The Court also points out that Title 28 of the Code of Federal Regulations § 2.35(b) states: "once . . . an offender is conditionally released . . . the good time earned during that period of imprisonment is of no further effect . . . [to shorten his supervision or remaining sentence]". Additionally, under the D.C. Code, § 24-406 (a), cited by Respondents:

> . . . If the order of parole shall be revoked, the prisoner, unless subsequently reparoled, shall serve the remainder of the sentence originally imposed less any commutation for good conduct *which may be earned by him **after** his return to custody.* For the purpose of computing commutation for good conduct, the remainder

5

>   of the sentence originally imposed shall be considered
>   as a new sentence.

(Emphasis added).

Finally, the Court notes that the Court of Appeals for the Third Circuit has examined the District of Columbia Good Time Credits Act of 1986, which provides for education good time credits.  See Fields v. Keohane, 954 F.2d 945 (3d Cir. 1992). The Court of Appeals held that, despite differences in the D.C. good time system and the federal good time system, the D.C. Good Time Credits Act applied only to inmates housed in D.C. facilities, not federal facilities, and that assignment of D.C. prisoners to the federal system did not violate prisoners' due process rights.  See id. at 950-51.  The Court of Appeals for the Third Circuit cited Moss v. Clark, 886 F.2d 686, 691-92 (4th Cir. 1989), which held that denying D.C. good time credit to D.C. offenders in federal prison did not violate a prisoner's equal protection or due process rights.

Therefore, although the Court is unaware of any cases factually on point to Petitioner's case concerning applying educational good time credits to a sentence imposed for violating parole, the Court finds support for its conclusion that Petitioner has not demonstrated a violation of the Constitution or federal laws in the above-cited cases and statutes concerning good time credits.

**C.   Motion to Amend**

Petitioner seeks to amend his petition to add a claim that his presumptive parole eligibility date was rescinded due to a disciplinary infraction.  Petitioner states that the federal question presented in the amendment is: "Can the Federal Bureau of Prisons and the United States Parole Commission deny a prisoner's right to mail a letter . . . and then den[y] his release as a direct result and consequence?"  (Motion, docket entry 11, at p. 1).

Federal Rule of Civil Procedure 15(a) states that a party may amend a pleading by leave of court, and "leave shall be freely given when justice so requires."  However, a motion to amend may be denied if the amendment is futile. See Gregory v. Administrative Office of the Courts, 168 F. Supp.2d 319, 325 (D.N.J. 2001)(citing Foman v. Davis, 371 U.S. 178, 182 (1962)). An amendment to a complaint is considered futile if it would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See id. (citing Smith v. NCAA, 139 F.3d 180, 190 (3d Cir. 1998), rev'd on other grounds, 525 U.S. 459 (1999)).  A motion to dismiss under Rule 12(b)(6) may be granted "if it appears certain that the plaintiff cannot prove any set of facts in support of its claims which would entitle it to relief."  Id. at 326 (citing Mruz v. Caring, Inc., 39 F. Supp.2d 495, 500

7

(D.N.J. 1999); Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988)).

In this case, the amendment is futile, because Petitioner has raised his claims concerning the disciplinary hearing in another matter, Johnson v. Pacholski, 07-0633 (NLH).  His claims have been fully-examined and dealt with in that case.

## **CONCLUSION**

Based upon the foregoing, the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241 will be denied. Petitioner's motion to amend will also be denied.  An appropriate Order accompanies this Opinion.

s/Noel L. Hillman
NOEL L. HILLMAN
United States District Judge

Dated: May 30, 2007
At Camden, New Jersey